IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURJUT S. SIDHU,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-15,<br><br>    Defendants. | Case No. 13-4287 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANTS** |

    Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Alameda seeking to evict Defendants from real property located at 2692 Driftwood Street, Hayward, California. Defendant Eddie Bansag, representing himself, subsequently purported to remove the action to this Court on the basis of diversity jurisdiction.

    Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate*

*Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004).  The Court has reviewed the Notice of Removal and has determined that federal diversity jurisdiction does not exist.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Defendant alleges that diversity jurisdiction exists because he is a citizen of California and Plaintiff "has to prove his legal presence in the United States" and that the amount in controversy is in excess of $75,000. (Dkt. No. 1, p. 3.)  However, the face of the state court complaint clearly states that the amount demanded is less than $10,000.  (Dkt. No. 2, p. 7.)  Defendant therefore cannot satisfy the amount in controversy requirement for federal diversity jurisdiction, nor has Defendant established that Plaintiff is a citizen of a different state.  Further, even were Defendant's contentions as to the parties' respective citizenships and the amount in controversy supportable, Defendant appears to be a citizen of California as the underlying complaint alleges that he is a tenant of property in California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule").

Accordingly, Defendant is ORDERED to SHOW CAUSE as to why this case should not be remanded to the Alameda County Superior Court.  In particular, if Defendants believe that this Court has subject matter jurisdiction, he shall file a response in writing by **October 3, 2013** that demonstrates why this Court has jurisdiction.  Defendant is warned that their failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:   September 19, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2